**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1553-18T3

J.P.,[1]

    Plaintiff-Appellant,

v.

L.P.,

    Defendant-Respondent.

_____

Submitted December 3, 2019 – Decided January 17, 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-2853-14.

Sunshine, Atkins, Minassian, Tafuri, D'Amato & Beane, PA, attorneys for appellant (Jay R. Atkins, Stacey L. Miller and Christian L. Beane, on the briefs).

Dario, Albert, Metz, Eyerman, Canda, Concannon, Ortiz & Krouse, attorneys for respondent (Shelley D. Albert and Paul J. Concannon, on the brief).

---

[1] We use initials to protect the privacy of the parties.

PER CURIAM

In this post-judgment dissolution matter, plaintiff ex-wife appeals one paragraph of a multi-faceted Family Part order, denying her ability to relocate with the parties' three unemancipated daughters to Illinois. The motion judge denied plaintiff's application without prejudice pending the outcome of litigation filed by the Division of Child Protection and Permanency (DCPP), which restricted defendant ex-husband's visitation with the children. Because we conclude the judge erroneously rejected plaintiff's application on that factor and there exist disputed factual issues concerning the best interests of the children, we vacate the order and remand for a plenary hearing.

Our review of a Family Part order is limited. See Cesare v. Cesare, 154 N.J. 394, 412-13 (1998). Generally, the Family Part's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12. That traditional standard of review is expanded when the court committed an alleged error in evaluating the underlying facts. MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007). Challenges to legal conclusions, as well as the trial court's interpretation of the law, are subject to our de novo review. Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

A-1553-18T3

Under N.J.S.A. 9:2-2, a parent who seeks to remove a child from this State when the other parent does not consent must demonstrate "cause" for the removal. Our Supreme Court has interpreted "cause" as requiring the petitioning parent to satisfy the best interests analysis set forth in the custody statute, "supplemented by other factors as appropriate." Bisbing v. Bisbing, 230 N.J. 309, 338 (2017) (citing N.J.S.A. 9:2-4(c)). The statutory factors include:

> the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children.
>
> [N.J.S.A. 9:2-4(c).]

Against that legal backdrop, we turn to the facts pertinent to this appeal, recognizing the protracted and highly contentious history, occasioned by media coverage of the disputes between the parties. Relevant here, the parties married

in 2000 and divorced in 2017. Three children were born of the marriage in 2002, 2004 and 2011. For all but five years – when defendant played professional football for a team based in Florida – the parties resided in New Jersey. Neither party lived in New Jersey prior to the marriage; they lived in this State when defendant played football for a New York area team.

The judgment of divorce incorporated a consent order, which granted both parties joint legal and residential custody of the children, and designated plaintiff as the parent of primary residence. Sometime thereafter, DCPP commenced an investigation of defendant for reasons that are unspecified in the record. As a result of that investigation, defendant's parenting time with the children was limited to supervised visitation.

Claiming the ongoing DCPP action rendered her a "de facto sole custodial parent," plaintiff moved for permission to relocate with the children to Chicago, where her parents and extended family reside and a job opportunity at her father's car dealership awaits her. Plaintiff's application included undated text messages – purportedly from the children – that described defendant's drug use, court records related to defendant's harassment charges, and academic performance data for the schools the children would attend in Illinois.

A-1553-18T3

Defendant filed a dueling certification, contending plaintiff's "application [wa]s a mere continuation of the [s]corched [e]arth policy and her efforts to extend beyond divorce to permanently deprive [their] children from a relationship with [him], as well as to financially devastate [him] and any future prospects of employment." According to defendant, plaintiff failed to demonstrate relocating to Chicago would be in the best interests of the children, who have lived in New Jersey for most of their lives, and plaintiff "demonstrated zero effort" to find employment in New Jersey.

Following argument, the motion judge rendered a terse oral decision concerning the present issue, summarily finding plaintiff failed to meet some of the Bisbing factors. In sum, the judge noted:

> And to say that I should allow a relocation because [plaintiff]'s got family in Chicago and [the children would] be better protected there than here, and [plaintiff] has a job in Chicago waiting for her, those really are not good enough reasons under . . . Bisbing for this [c]ourt to consider relocation without any further indicia that it would be in the children's best interest[s].

But, the judge ultimately refused to consider plaintiff's application because the DCPP litigation – over which she also presided – was pending and restricted defendant's contact with the children to supervised visitation. The judge elaborated:

A-1553-18T3

> More importantly and more to the point, because DCP[]P is involved, [defendant]'s contact . . . with the children is currently restrained and supervised. Any move would severely impact his contact with the children and to the detriment, not of [defendant and plaintiff], but these kids, because . . . [defendant] would be restricted from having the supervises [sic] that he has in place in the State of New Jersey, from supervising the children there . . . . [H]is parents or maybe just his mother also [is] authorized to supervise, but they live in the State of Delaware.

This appeal followed.

On appeal, plaintiff argues the motion judge abused her discretion by failing to conduct a best interests analysis in light of the pending DCPP matter, and the judge improperly considered that factor because it is not expressly stated in N.J.S.A. 9:2-4(c). Plaintiff seeks a plenary hearing to resolve the factual disputes between the parties.

We recognize "the geographical proximity of the parents' homes" is one factor to consider in the best interests analysis. N.J.S.A. 9:2-4(c). But, there is no authority to support the judge's decision that this factor is wholly dispositive of the best interests analysis, or defendant would be precluded from supervised visitation with the children in Chicago, pending the outcome of the DCPP litigation. Family courts in other states often assist our state in the enforcement

A-1553-18T3

of custody orders.[2]  We therefore discern no reason for the Family Part to delay consideration of plaintiff's application until the DCPP matter has concluded. The motion judge is fully familiar with the pending DCPP matter.  Accordingly, she can direct DCPP to determine the viability of its counterpart in Illinois to assist with defendant's supervised visitation of the children in that state.

Turning to the need for a plenary hearing, it is beyond peradventure that a testimonial hearing is necessary when a genuine issue exists as to a material fact.  "[A] plenary hearing is particularly important when the submissions show there is a genuine and substantial factual dispute regarding the welfare of children."  K.A.F. v. D.L.M., 437 N.J. Super. 123, 138 (App. Div. 2014).  A court should not "make credibility determinations or resolve genuine factual issues based on conflicting affidavits."  Ibid.  Failure to conduct such a hearing is reversible error.  Id. at 137-39.

---

[2]  Both New Jersey and Illinois have adopted the Uniform Child Custody Jurisdiction and Enforcement Act.  See N.J.S.A. 2A:34-53 to -64; 750 Ill. Comp. Stat. 36/101 to -36/405.  Relevant here, "[a] court of [Illinois] may utilize any remedy available under [an]other law of [Illinois] to enforce a child-custody determination made by a court of another state."  750 ILCS 36/303.  And similar to New Jersey, Illinois has established the Department of Children and Family Services, which "perform[s] child custody investigations" and "supervise[s] parents to assess whether or not the custody or visitation judgments rendered by the court are being carried out."  Ill. Admin. Code tit. 89, § 330.1.

A-1553-18T3

Because the parties submitted diametrically opposed certifications, we agree with plaintiff that a plenary hearing is necessary to resolve the disputes between the parties. As one example, plaintiff claimed defendant failed to exercise parenting time, while defendant alleged plaintiff consistently attempted to interfere with his relationship with the children. Also, resolution of the best interests factors will require credibility determinations that cannot be gleaned from the certifications and supporting documents submitted by the parties.

In evaluating the best interests factors, the motion judge may consider the insights of the parents of primary residence and alternate residence, "[t]he views of other adults with close relationships with the child," and "other evidence, including documentary evidence, interviews with the children at the court's discretion, and expert testimony." Bisbing, 230 N.J. at 335; see also R. 5:8-6 ("As part of the custody hearing, the court may on its own motion or at the request of a litigant conduct an in camera interview with the child(ren).").

Plaintiff's remaining contention that the motion judge improperly considered the pending DCPP matter lacks sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). We simply note as stated above, N.J.S.A. 9:2-4(c) expressly permits the Family Part to consider other factors

aside from those listed in the subsection, which the Court recognized in <u>Bisbing</u>. 230 N.J. at 335.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION